# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES HOOP AS NEXT FRIEND FATHER OF MADISON HOOP, a minor child | § § § § | |
| Plaintiff | § | CASE NO. 4:18-cv-02424 |
| v. | § § | |
| THE PASADENA SCHOOL DISTRICT, and JANE & JOHN DOE, PARENTS and or GUARDIANS OF MAKAYLA PRATT a minor child | § § § § § | JURY DEMANDED |
| Defendants | § § | |

## PLAINTIFF'S FIRST AMDNDED COMPLAINT

**TO THE HONORABLE JUDGE KENNETH M. HOYT:**

**COMES NOW**, the Plaintiff James Hoop as next friend and father of Madison Hoop, a minor child, hereinafter referred to as the "Plaintiff," by and through their undersigned counsel, and files this the Plaintiff's First Amended Complaint complaining of the listed Defendants and in support thereof would respectfully show the Court and Jury as follows:

### I. Parties

1.   The Plaintiff James Hoop is next friend and Father of Madison Hoop, a minor child, and is an individual and a resident of Harris County, Texas.

2.   Madison Hoop is a minor child who is an individual and a resident of Harris County, Texas, who at the time of the incidents made the basis of this suit was thirteen years old.

3.   The Defendant Pasadena Independent School District ("Pasadena ISD"), including its school Elmer G. Bondy Intermediate School, is a political subdivision of the State of Texas

within the meaning of Title VI, 42 U.S.C. § 2000d et seq., which receives federal funds. Pasadena ISD has appeared by filing a motion to dismiss in this case but has not answered.

4.     The Defendants Jane & John Doe, parents and or guardians of Makayla Pratt, a minor child, whose address is unknown to the Plaintiff but is known to the Harris County District Attorney's office, who will not release the names of the parents and/or guardians of Makayla Pratt until suit is filed. The Plaintiff will timely supplement when the names and addresses of these Defendants become known and request citations be issued.

## II.     Jurisdiction & Venue

5.     This Court is vested with jurisdiction pursuant to 28 U.S.C. §1331 and/or 1343 as this is a Title VI case. The Court has supplemental jurisdiction under 28 U.S.C. §1367 to Plaintiff's claims under Texas statutory and common law. Venue for all counts is proper under 28 U.S.C. § 1391(b).

## III. Facts

6.     This case concerns the Plaintiff, Madison Hoop, a minor thirteen year old female Caucasian child who is small in stature with no prior incidents of any kind who without any provocation on her part was viciously beaten, causing a severe concussion to her young head and other physical and mental damages, by Makayla Pratt, an older larger African American female who Madison Hoop had never meet and did not know in any way, while attending a mandatory school "Choir" practice with almost one hundred other students at the Elmer G. Bondy Intermediate School in February, 2017.

7.     The Plaintiff, Madison Hoop, a minor child, did not know in any way, Makayla Pratt prior to the vicious beating of Madison Hoop, a minor child, by Makayla Pratt and subsequent

harassment(s) inflicted upon Madison Hoop by other African-American and Hispanic students which was and is racially motivated and would offend any reasonable person.

8.     At all relevant times, both the Plaintiff Madison Hoop, a minor child, and Makayla Pratt were students of the Pasadena ISD.

9.     The Defendant, Pasadena ISD, is on notice of this vicious racial beating, the continued racial harassment of the Plaintiff Madison Hoop, a minor child, to include having the vicious beating recorded on film and also has subsequent social media statements by its African-American and Hispanic students using various social media platforms attacking Madison Hoop which it should have preserved as they were put on notice by the Plaintiff's attorney by fax in July, 2007.

10.    Both Madison Hoop and Makayla Pratt were students and members of the "Choir" at the school with discipline at the school mandatory Choir event, where the vicious beating of Madison Hoop, a minor child by Makayla Pratt occurred, being maintained by only two Choir Directors, Daniel Clinton Miner and Margaret Cavenagh Jordan. No other school personnel were present to supervise and maintain discipline of the one hundred plus students at this mandatory Choir practice.

11.    Roneka Lee is the Principle of Elmer G. Bondy Intermediate, a subdivision of the Pasadena Independent School District, and was so during the February 2017 time frame made the basis of this suit.

12.    James Hoop, is the Father of Madison Hoop, a minor child.

13.    Makayla Pratt's parents and/or guardians are unknown at this time.

14. Just before the unprovoked, vicious attack by Makayla Pratt on Madison Hoop, Madison heard Makayla Pratt say in a loud voice from behind her, "where is the white girl with the freckles and glasses?"

15. Upon picking up his injured daughter at the school while leaving the day of the vicious and unprovoked attack on Madison Hoop by Makayla Pratt, James Hoop, Madison's father, and Madison Hoop were both challenged by Makayla Pratt who in no uncertain terms confronted them both with the statement, "that's the way we handle things from where I am from in the hood", showing a continued willingness by Makayla Pratt to continue this confrontation with Madison Hoop's and her father, James Hoop and a failure of the school to stop Makayla Pratt's continued racial confrontation of the Hoop's as the school did not try to stop Makayla Pratt's confrontation with James Hoop.

16. Before, during, and after the attack Makayla Pratt's numerous African-American and Hispanic friends recorded the attack on their phones and took no effort of any kind to stop the attack on Madison Hoop, a minor child.

17. At the time of the vicious attack no Pasadena ISD personnel, limited to the two "Choir Directors," took any action to stop the attack, even after the attack.

18. Before, during, and after the attack Pasadena ISD took no effort of any kind to prevent or stop the attack on Madison Hoop, a minor child, by Makayla Pratt.

19. Based upon information and belief James Hoop and Madison Hoop notified these below listed specific Pasadena ISD Senior Officials in numerous separate face to face meetings about the at least twice weekly incidents of harassment of Madison Hoop by the African-American and Hispanic students starting in 2017 and continuing to this day listed herein, who have the authority to prevent the racial harassment of Madison Hoop, documented herein, who took no

actions of any kind to prevent said harassment other than they said, "I will look into it" listed below:

    a.    Mr. Hoop informed Ms. Lee the principal and Ms. Griffin the vice principal of the E. Bondy Intermediate School during the 2017 school year at least seven times after the initial vicious beating of Madison Hoop by Makayla Pratt of the continued racial harassment by the African American and Hispanic students at the school of his daughter, Madison Hoop to include and not be limited to the continued showing during school hours the video taped beating on numerous student cell phones of Madison Hoop by Makayla Pratt that include selectively edited racial threats added to the video tape and continually confronting Madison Hoop with threats of revenge by them for their friend Makayla Pratt

    b.    Mr. Hoop informed Ms. Ramirez Assistant Principal of the Pasadena Memorial High School during the 2018 school year at least two times of the continued racial harassment by the African American and Hispanic students at the school of his daughter, Madison Hoop to include and not be limited to the continued showing during school hours the video taped beating on numerous student cell phones of Madison Hoop by Makayla Pratt that include selectively edited racial threats added to the video tape, continually confronting Madison Hoop with threats of revenge by them for their friend Makayla Pratt and now harassing Madison Hoop for seeking her rights from this Court;

    c.    Madison Hoop informed Ms. Ramirez the Assistant Principal of the Pasadena Memorial High School during the 2018 school year at least two times of the continued racial harassment directed toward her by the African American and Hispanic students at the school to include and not be limited to the continued showing during school hours the video taped beating on numerous student cell phones of Madison Hoop by Makayla Pratt that include selectively

edited racial threats added to the video tape, continually confronting Madison Hoop with threats of revenge by them for their friend Makayla Pratt.

  d. Mr. Hoop informed the Pasadena ISD Superintendent Dr. Dee Ann Powel during the 2017 and 2018 school years at least two times of the continued racial harassment of his daughter, Madison Hoop by the African American and Hispanic students at the school to include and not be limited to the continued showing during school hours the video taped beating on numerous student cell phones of Madison Hoop by Makayla Pratt that include selectively edited racial threats added to the video tape, continually confronting Madison Hoop with threats of revenge by them for their friend Makayla Pratt and now harassing Madison Hoop for seeking her rights from this Court;

  e. Mr. Hoop informed the Principal of Pasadena Memorial High School Jeremy Richardson during the 2018 school year at least two times of the continued racial harassment of his daughter, Madison Hoop by the African American and Hispanic students at the school to include and not be limited to the continued showing during school hours the video taped beating on numerous student cell phones of Madison Hoop by Makayla Pratt that include selectively edited racial threats added to the video tape, continually confronting Madison Hoop with threats of revenge by them for their friend Makayla Pratt and now harassing Madison Hoop for seeking her rights from this Court;

  f. Madison Hoop informed Ms. Ramirez the Assistant Principal of Pasadena Memorial High School that the African-American and Hispanic students are now currently this school year, 2018 through 2019 racially harassing Madison Hoop to include and not be limited to the continued showing during school hours the video taped beating on numerous student cell phones of Madison Hoop by Makayla Pratt that include selectively edited racial threats added to

the video tape, continually confronting Madison Hoop with threats of revenge by them for their friend Makayla Pratt and now harassing Madison Hoop for seeking her rights from this Court; and,

  g. Mr. Hoop informed the Pasadena ISD lawyer who's name he does not remember during the 2017 school year of the continued racial harassment of his daughter, Madison Hoop by the African American and Hispanic students at the school to include and not be limited to the continued showing during school hours the video taped beating on numerous student cell phones of Madison Hoop by Makayla Pratt that include selectively edited racial threats added to the video tape, continually confronting Madison Hoop with threats of revenge by them for their friend Makayla Pratt.

20. Before, during, and after the vicious attack Makayla Pratt's parents and/or guardians took no effort of any kind to prevent or stop the attack on Madison Hoop, a minor child, due to their lack of adult supervision of Makayla Pratt.

21. For the rest of the 2017-2018 school years Madison Hoop, a minor child, was viciously taunted and harassed at the school on virtually a daily basis with derogatory racial slurs such as "getting your white ass kicked" by the same African-American and Hispanic students who were present, and even by some African-American and Hispanic students who were not present, during the unprovoked vicious attack, including referencing the attack by Makayla Pratt upon Madison Hoop, face to face, during school hours, depriving Madison Hoop of equal access to the school's education resources, free from racial harassment by the African-American and Hispanic students, without any response or intervention by the Defendant, Pasadena ISD.

22. Both Madison Hoop, a minor child, and her father James Hoop informed the Defendant Pasadena ISD during the years 2017 and 2018 of the further racial harassment(s) listed herein but

Pasadena ISD took no actions of any kind that ended the racial harassment which continues to this day, further evidencing a complete indifference to the racial harassment inflicted upon Madison Hoop, a minor child, by Pasadena ISD and its personnel.

23. Based upon information and belief, Makayla Pratt had a history of fighting with other white girls in the Defendant Pasadena ISD's jurisdiction and no curative actions of any sort were taken by the Pasadena ISD to end such racial discriminatory practices and indeed a Pasadena ISD school district official admitted such to James Hoop, the father of Madison Hoop.

24. Based upon information and belief, the Defendant Pasadena ISD did not even call the police about the unprovoked vicious attack upon the Plaintiff Madison Hoop by Makayla Pratt but James Hoop, Madison Hoop's father, reported the attack to the police, resulting in Makayla Pratt being criminally convicted of the viscous assault.

25. The Plaintiff, Madison Hoop, a minor child, is currently attending Pasadena Memorial high school this year in Pasadena ISD, contrary to what Pasadena ISD stated in its original motion to dismiss, Madison Hoop and Makayla Pratt are in the same school demonstrating the complete lack of indifference to the racial harassment being inflicted upon Madison Hoop and further showing a complete lack concern for Madison Hoop's physical well being or put another way Pasadena ISD did not even know that Madison Hoop and Makayla Pratt were in the same school.

26. Based upon information and belief, the Defendant, Pasadena ISD in light of the known circumstances documented in notices to it of the racial harassment suffered by the Plaintiff Madison Hoop, a minor child, by its African-American and Hispanic students did not institute any remedial efforts of any kind to end the racial harassment of the Plaintiff, Madison Hoop, a minor child, such as racial sensitivity seminars and speakers, let alone any effect any remedial

efforts such as extending an invitation to any racial sensitivity speakers to speak to the general student body or take any proactive measures, or measures of any kind, to prevent further racial assaults or harassment of the Plaintiff, Madison Hoop, its by African-American and Hispanic students and as such the Defendant Pasadena ISD failed to act reasonably, violating Title VI.

27. Based upon information and belief the Defendant, Pasadena ISD, after the continuing vicious physical attack upon Madison Hoop, a minor child, and the continuing horrific racial treats and taunts did not institute or invite any racial sensitivity speakers or hold any seminars to address the continuing racial harassment or contact the Depart of Justice to facilitate racial sensitivity training or hold any teacher awareness seminars to prevent the racial discrimination of Madison Hoop, a minor child, that continues to this day evidencing Pasadena ISD's complete indifference to the racial hostility suffered by her.

28. Based upon information and belief the Defendant, Pasadena ISD after the continuing vicious physical attack upon Madison Hoop, a minor child, and the continuing horrific racial treats and taunts did not institute any school auditorium meetings with the school's Africa-American and Hispanic students as a whole to teach them not to discriminate, harass, or attack white students.

29. As a result of the attack the Plaintiff, Madison Hoop, a minor child, cannot participate in physical education at the school, cannot participate in any athletic activities, lives in fear when attending school every day interrupting her studies, and could not even participate in dance in her Church dance group for more than one year and to this day has violent head sizers as well as suffering from extreme dizziness.

30. Based upon information and belief, on or about the 9th of July, 2018 the several African-American and Hispanic students who have repeatedly over the course of the last two years

racially harassed Madison Hoop, a minor child, in school edited and published a video on social media of Makayla Pratt beating and giving Madison Hoop a permanent physical injury, a head concussion, with a new racial threat attached that they were going to choke Madison Hoop at school during the next school year at Pasadena ISD.

31. The Defendant, Pasadena ISD, effectively continues to promote a racially hostile school educational and living environment for Madison Hoop due to her race, which, in this day of school violence, constitutes harassing racial discriminatory actions that cannot be tolerated in any school, much in the Defendant, Pasadena ISD; Pasadena ISD did not even know that Makayla Pratt was in the same high school as Madison Hoop at the current time and had to amend their motion to dismiss accordingly as in the original motion to dismiss they said that Makayla Pratt and Madison Hoop were not in the same school demonstrating a level of complete indifference to the racial harassment undergone by Madison Hoop and a complete lack of concern for Madison Hoop's physical well being.

### IV.  Liability

### A. Federal:  Title VI

32. The Plaintiff incorporates paragraphs 1 through 31 by reference pursuant to the Rules.

33. In failing to provide the Plaintiff, Madison Hoop, a minor child, an educational environment free from severe pervasive and objectively offensive racial attacks that among other things caused a severe concussion and other physical harms, harassment, and educational intimidation, based upon her race, thus depriving Madison Hoop of the educational benefits that should be afforded her, the Defendant, Pasadena Independent School District, through its offices listed herein, acting with deliberate indifference to the racial harassment suffered by Madison

Hoop, as described herein, has violated Title VI of the Civil Rights Act of 1964, for which the Plaintiff now sues.

**B. Temporary Restraining Order and Preliminary Injunction**

34. The Plaintiff incorporates paragraphs 1 through 31 by reference pursuant to the Rules.

35. The Plaintiff Madison Hoop, a minor child, is currently in a Pasadena ISD school but not in the same school as Makayla Pratt who is also in a Pasadena ISD school and now has been threatened with further physical attacks based upon her race.

36. Based upon information and belief during the next school year of 2018 through 2019 the Plaintiff Madison Hoop, a minor child, and Makayla Pratt, an African-American student, will be in the same school and possibly share one or more class rooms together, needlessly and unconscionably exposing the Plaintiff, Madison Hoop, a minor child, to an increased and quite likely threat of physical injury from Makayla Pratt based on the history of violence by Makayla Pratt on the Plaintiff Madison Hoop, a minor child as well as violent acts perpetrated by Makayla Pratt on other white students.

37. Based upon information and belief the African-American and Hispanic students are now currently during this school year, 2018 through 2019 continuing to racially harass Madison Hoop for daring to bring legal action in this Federal Court against their favored Pasadena ISD hero, Makayla Pratt, and continue to show the vicious video beating of Madison Hoop by Makayla Pratt during school hours while under the custody and control of the Pasadena ISD who is well aware of said actions and doing nothing to prevent this vicious racial harassment.

38. Unless the Plaintiff Madison Hoop, a minor child, and the Defendant Makayla Pratt are not in the same Pasadena ISD school, it is highly probable that a repetition of further horrific violence will be perpetrated upon the Plaintiff, Madison Hoop, a minor child, by Makayla Pratt,

unnecessarily creating a high likelihood of Makayla Pratt further inflicting violence and unconscionable harassment upon a minor child who already received such violent actions and harassment from Makayla Pratt including a concussion?

39. The further four factors established by the Firth Circuit for granting of TRO by a district court are:

      a. a substantially likelihood that the Party will prevail on the merits;

      b. a substantial threat that the movant will suffer irreparable injury if the injunction is not granted;

      c. the threatened injury to movant outweighs the threatened harm an injunction may cause the party opposing the injunction; and,

      d. that the granting of the injunction will not disserve the public interest.

*In re Zale Corp.,* 62 F.3d 746, 765 (5th Cir. 1995).

40. The Plaintiff Madison Hoop, a minor child, respectfully asks the Court to grant her prayed for TRO and Preliminary Injunction from the Defendant Pasadena ISD putting her in the same school as Makayla Pratt, by either putting Madison Hoop in another comparable school in the Pasadena ISD or by paying for Madison Hoop to be moved to a comparable or better private school, thus avoiding a further serious concussion or other serious physical, mental and emotional injuries to Madison Hoop, a minor child.

### C. Permanent Injunction

41. The Plaintiff incorporates its prior request and language for TRO and preliminary injunction and requests that such injunctive relief if granted be, after final trial, be made permanent injunctive relief.

### D. Texas Law: Negligent Supervision

42. The Plaintiff incorporates paragraphs 1 through 31 by reference pursuant to the Rules.

43. The parents and/or guardians of Makayla Pratt had a duty to supervise her to prevent her from viciously attacking any other student while at a Pasadena ISD school event, to include and not be limited to the Plaintiff, Madison Hoop, a minor child, which he, she, or they failed to do, thus breaching their duty to supervise Makayla Pratt, proximately causing severe damages to the Plaintiff, Madison Hoop, a minor child, for which she now sues.

## V. Damages

44. The Plaintiff incorporates paragraphs 1 through 31 by reference pursuant to the Rules.

45. The Plaintiff Madison Hoop, a minor child, has suffered past and future actual monetary damages proximately caused by the Defendants to include:

    a. Physical damage(s) in the amount of one million dollars ($1,000,000.00);

    b. Emotional damage(s) in the amount of one million dollars ($1,000,000.00);

    c. Mental damage(s) in the amount of one million dollars ($1,000,000.00);

    d. Title VI damage(s) in the amount of one million dollars ($1,000,000.00); and,

    e. Permanent injunctive relief from the racial discriminatory practices of the Defendant, Pasadena ISD.

## VI. Attorney Fees

46. It was necessary for the Plaintiff to secure the services of Owen Jones, a licensed attorney, to pursue legal remedies to include a federal claim under Title VI and a state of Texas claim of negligent supervision both of which provide for the recovery by a prevailing Party for

attorney fees. The Defendants should be ordered to pay Plaintiff's reasonable attorney's fees, expenses, and costs through trial and appeal as damages incurred by the Plaintiff, and Plaintiff asks the Court to take judicial notice of such hereof.

## VII. Jury Demand

47. Pursuant to the Seventh Amendment of the United States Constitution, the Plaintiff demands a trial by jury, as is her right.

## Prayer For Relief

**WHEREFORE,** the Plaintiff respectfully prays that the Defendants be served, her TRO and Preliminary Injunction be granted and after prevailing at trial she be granted the following relief:

i. Permanent injunctive relief prohibiting Pasadena Independent School District from further racial discriminatory practices enumerated herein;

ii. Permanent injunctive relief in the form of moving the Plaintiff to another school or in the alternative paying for the Plaintiff to go to a private school away from the Defendant, Makayla Pratt and her associates;

iii. A monetary amount sufficient to compensate the Plaintiff for her Title VI damages;

iv. A monetary amount sufficient to compensate the Plaintiff for her physical damages;

v. A monetary amount sufficient to compensate the Plaintiff for her emotional damages;

vi. A monetary amount sufficient to compensate the Plaintiff for her mental damages;

vii. The Plaintiff's reasonable attorney's fees, expert fees, and costs; and,

viii. Any and all other relief in law and at equity to which the Plaintiff is justly entitled.

**Respectfully submitted,**

October 11, 2018
Date

/s/ Owen Jones
**OWEN JONES**
Attorney-in-Charge
SBN: 00796847
S.D.Tex: 20961
Law Offices of Owen Jones
211 East Parkwood
Suite 110
Friendswood, Texas 77546
Telephone: (281) 992-1541
Fax: (281) 996-6092
owenjoneslaw@yahoo.com
**ATTORNEY FOR PLAINTIFF**

## Certificate of Service

I certify that a true and correct copy of the foregoing First Amended Complaint has been served on all counsel of record through the Court's electronic filing system, on October 11, 2018.

/s/ Owen Jones
**Owen Jones**

Rebecca S. Bailey
State Bar No. 24062597
Southern District No. 921729
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6762– Telephone
(713) 583-9364 – Facsimile
rbailey@thompsonhorton.com