United States District Court
Southern District of Texas
**ENTERED**
June 12, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES HOOP, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-2424 |
| | § | |
| PASADENA INDEPENDENT SCHOOL | § | |
| DISTRICT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Pasadena Independent School District's Motion for Summary Judgment. Dkt. 43. Having reviewed the motion, response, reply, and the applicable law, the Court **GRANTS** the motion.

### I.     Background

Viewed in the light most favorable to the plaintiff as the non-movant, unless otherwise noted, the relevant facts are as follows. Plaintiff James Hoop (Hoop) is suing in his capacity as father of M.H., a minor child, who was a student in the seventh grade at Bondy Intermediate School in Pasadena ISD (Bondy) during the 2016–'17 school year. The events underlying this lawsuit began when M.H. was in seventh and continued into her freshman year at Pasadena Memorial High School (PMHS).

At a Bondy school-sponsored choir event on February 23, 2017, M.H. was assaulted by another Bondy student, M.P., injuring M.H.'s jaw and causing a concussion. Dkt. 43-2 at 10–15. Other students video-recorded the altercation. Dkt. 43-28 at 16. Hoop reported the assault to the Pasadena ISD Police Department the same night, with the

school administration's support. Dkt. 44-1 at 35. The administration also referred M.H. to a neurologist. Dkt. 44-1 at 41.

Pasadena ISD police arrested M.P. at school the next day. Dkt. 43-2 at 5. The administration assigned her to a separate campus, called "The Summit" or the "District's Alternative Education Program," for the remainder of the school year. Dkt. 43-3 at 1.

M.H. and Hoop testified in deposition to several other instances of harassment. The day after the assault, other students pointed at M.H., laughed at her, and made reference to the assault. Dkt. 44-2 at 35–39. She reported the harassment to one of her teachers, who called the administration, ultimately notified Hoop, and took M.H. to the nurse's office. Dkt. 44-2 at 35–39. Police visited the school and met with Hoop and M.H to take a statement. Dkt. 44-2 at 41. Principal Lee and an assistant principal told Hoop that they planned to review surveillance footage of the assault, talk to those students, and delete any recordings of the assault from their phones. M.H. testified that, to her knowledge, the administration did follow through on these steps. *See, e.g.*, Dkt. 44-2 at 47. Pasadena ISD correspondence indicates that students who videoed the assault were suspended or otherwise disciplined. *See, e.g.*, Dkt. 43-28 at 16; Dkt. 43-3 at 1.

M.H. continued to endure harassment over social media. Around May 2017, Hoop reported to Bondy Principal Roneka Lee that a student was posting videos referencing the assault. Dkt. 43-3 at 2. Hoop did not identify who posted the videos or provide screenshots. Dkt. 43-3 at 2. After summer vacation, in August 2017, Hoop against reported to the Pasadena ISD administration that students were harassing M.H. on social media. Dkt. 43-3 at 4. Principal Lee investigated the allegations. She interviewed a

2

student who was friends with M.P., who provided the usernames of individuals she thought may have posted the harassing videos. Dkt. 43-3 at 4. Lee searched for those videos and usernames, but could not find them or identify the individuals who posted them. Dkt. 43-3 at 4.

In the spring of 2018, Hoop reported that students were posting video-recordings of the initial assault on social media. Dkt. 43-3 at 5. Principal Lee asked for information that could help identify the individuals who posted these videos, but Hoop did not provide any identifying information. Dkt. 43-3 at 5.

In July 2018, Hoop called the superintendent of Pasadena ISD, Dr. DeeAnn Powell, to report additional posts to social media about the initial assault. Dkt. 43-19 at 2. Dr. Powell requested any available identifying information about the individuals who posted about the assault, but Hoop did not provide any. Dkt. 43-19 at 3.

In September 2018, Hoop told PMHS Principal Jeremy Richardson that an unidentified student had shown M.H. a photo of the assault and a related meme on social media. Dkt. 43-29 at 1–2. Richardson requested additional identifying information to help investigate who had shown M.H. the photo and who was posting the photos online, but Hoop did not have or provide the information. Dkt. 43-29 at 2.

In October 2018, during math class, M.H. heard two male students mocking her and laughing, referencing M.P.'s assault. She reported the male students' behavior to Principal Richardson, who spoke with the students to warn them about the consequences if they continued to harass M.H. *See* Dkt. 43-29 at 2; Dkt. 43-35 at 2–3. M.H. testified in

3

deposition that the students, in turn, mocked M.H. again after their meeting with the teacher. Dkt. 44-2 at 93–99.

In December 2018, Principal Richardson promptly investigated an incident of what turned out to be "friendly horseplay." Dkt. 43-29 at 2–3. During that investigation, Hoop showed Richardson a meme posted to social media. Dkt. 43-29 at 2–3. Richardson and two assistant principals, Jon Thompson and Shaun Owen, searched social media for the usernames associated with the post Hoop showed them, but they could not find the post or identify the individuals who posted the meme because the accounts were deactivated or set to private. Dkt. 43-29 at 2–3.

In February 2019, two female students in M.H.'s Spanish class showed the video of M.H.'s assault to their Spanish teacher, who, upon learning of the nature of the video, confiscated the students' phones. Dkt. 44-2 at 103–107; Dkt. 44-1 at 77–78. Principal Richardson and Assistant Principal Thompson investigated this incident and met with Hoop about it. Dkt. 43-29 at 3.

Hoop filed this action on July 13, 2018. Dkt. 1. He has since amended his complaint. Dkts. 7, 20. He alleges, in relevant part, that M.H. was subjected to racial harassment by other students at her school, and that Pasadena ISD remained deliberately indifferent to the harassment in violation of Title VI of the Civil Rights Act of 1964. *See* Dkt. 20 (Second Amended Complaint).[1]

---

[1] As Pasadena ISD notes in its Motion for Summary Judgment, it is immune from suit for negligent supervision, unless the claim arises out of the operation of a motor vehicle. *See, e.g.*, *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 197 (5th Cir. 2015). To the extent Hoop raises such a claim, it is dismissed as well.

4

## II.     Legal Standards

### A. Summary Judgment

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court must determine whether the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations and internal quotations omitted). In deciding whether a genuine and material fact issue has been created, the Court must review the facts and the inferences to be drawn from those facts in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

### B.  Title VI

A school district receiving federal funds may be liable for student-on-student harassment if (1) the harassment was "so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to educational opportunities or benefits provided by the school" (a racially hostile environment), and the district (2) had actual knowledge, (3) had "control over the harasser and the environment in which the

5

harassment occurs," and (4) was deliberately indifferent. *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 408 (5th Cir. 2015).

### III.    Analysis

Pasadena ISD argues, among other things, that no reasonable jury could find that Pasadena ISD responded with deliberate indifference to any of the bullying or harassment M.H. suffered. Viewing all the evidence in the light most favorable to Hoop, the Court finds that Pasadena ISD is entitled to summary judgment because Hoop has not shown that there is a genuine issue of material fact whether Pasadena ISD responded to Hoop's harassment with "deliberate indifference."

Due to the "flexibility school administrators require . . . a school district should be deemed 'deliberately indifferent' to acts of student-on-student harassment only where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances. Mere negligence will not suffice. Accordingly, officials may avoid liability under a deliberate indifference standard by responding reasonably to a risk of harm, even if the harm ultimately was not averted." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 410 (5th Cir. 2015) (citing *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 645 (1999)) (internal quotations, citations, and brackets omitted).

The evidence here, even viewed in the light most favorable to Hoop, fails to raise a genuine dispute whether Pasadena ISD's responses to these incidents were "clearly unreasonable" under controlling authority. *Fennell*, 804 F.3d at 410–11 (affirming

summary judgment for school district because school district "took some action in response to almost all of the incidents noted by [p]laintiffs," despite some incidents of the use of a racial slur responded to "with relatively mild punishments"). In particular, Pasadena ISD took relatively strong and immediate action to address the assault. *See id.* (affirming summary judgment for defendant school district in part because defendant "took relatively strong action to address the most egregious incidents"). Administrators re-assigned M.P., the student who assaulted M.H., to another campus for the remainder of the school year. Dkt. 43-3 at 1. They suspended the students who video-recorded the fight. Dkt. 43-3 at 1; Dkt. 44-1 at 171. And they assisted M.H. in filing a police report and referred her to appropriate medical treatment. Dkt. 43-3 at 2; Dkt. 44-1 at 31–35, 41. *See, e.g.*, *Watkins v. La Marque Indep. Sch. Dist.*, 308 Fed. App'x. 781, 784 (5th Cir.2009) (per curiam) (unpublished) (concluding that a school did not act with deliberate indifference to student's sexual harassment where it separated the student from the harasser and provided the student "with an escort at all times"). M.H. testified that the school administration reviewed surveillance footage of the fight, identified the students involved, called them into the administration's offices, and deleted any recordings of the altercation from their phones. Dkt. 44-2 at 43–47. PMHS Principal Richardson also invited M.H. to participate in a program offering free counseling services to address traumatic events and mental health issues. *See, e.g.*, Dkt.43-29 at 2.

Regrettably, video footage of the fight was disseminated online. Still, viewing the evidence in the light most favorable to Hoop, Pasadena ISD acted reasonably to identify the students who re-posted the video when it could, took the video down if possible, and

7

disciplined any Pasadena ISD students responsible. *See, e.g.*, Dkt. 43-3 at 2; Dkt. 43-30 at 3; Dkt. 43-35 at 2–4; Dkt. 43-29 at 2–3. The fact that Pasadena ISD did not succeed in taking down every post on social media referencing the fight is not enough to show deliberate indifference. *Fennell*, 804 F.3d at 411 ("Ineffective responses . . . are not necessarily clearly unreasonable.") (quoting *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 168 (5th Cir. 2011)).

Pasadena ISD also took some reasonable steps meant to lessen the assault's interference with M.H.'s educational experience. Bondy administrators afforded M.H. an additional opportunity to try out for the school's cheerleading team, since her concussion prevented her from participating in some of the otherwise-mandatory practice sessions. Dkt. 43-3 at 3. (M.H. ultimately decided not to try out. Dkt. 43-3 at 3.) PMHS Principal Richardson also invited M.H. to participate in "Innovative Alternatives," a program offering counseling to victims of crime, free of charge. Dkt. 43-29 at 2.

Hoop asserts that Pasadena ISD was deliberately indifferent to the harassment, pointing to a few specific facts. Hoop testified in deposition that he visited the Pasadena ISD headquarters to try to meet with the superintendent "a couple times," and that an unidentified "legal lady" at the office told him that she could not speak to him directly because he was represented by counsel. Dkt. 44-1 at 95–98. This event does not reflect deliberate indifference. In fact, speaking with Hoop directly while he was represented by counsel would have been improper. *See, e.g.*, Model Rules of Prof'l Conduct R. 4.2 (Am. Bar Ass'n 2015) ("[A] lawyer shall not communicate about the subject of the

representation with a person the lawyer knows to be represented by another lawyer in the matter.").

Hoop also asserts that the superintendent discouraged Hoop and M.H. during a meeting with them when he said that "in [his] heart of hearts, [he] [did] not believe that he [unidentified] would do this." Dkt. 44-1 at 75. The record does not clearly disclose who this statement was referring to, but even taken as true and in the light most favorable to Hoop, considering the record of Pasadena ISD's response as a whole, this statement does not rise to the level of deliberate indifference under Title VI. *Fennell*, 804 F.3d at 411 ("[T]hese relatively weak responses to harassment are concerning but are not tantamount to [the defendant school district] intentionally 'subjecting its students to harassment.'").

Hoop also asserts that the school district failed to implement sensitivity or anti-bullying training, or hire a sensitivity counselor, as he requested. Dkt. 44-1 at 87–91. But the school district is "not required to remedy the harassment or accede to a parent's remedial demands." *Fennell*, 804 F.3d at 411 (affirming summary judgment for school district although "[p]laintiffs did not receive all of the remedies they requested through the grievance process and [the defendant school district]'s actions did not alleviate all issues of racial harassment in its schools").

Finally, Hoop repeatedly and generally asserts that school administration officials did not take any action, or that "everyone that [he] talked to . . . dismissed [the harassment]." *See, e.g.*, Dkt. 44-1 at 83; Dkt. 44-2 at 73–77. These general, conclusory assertions do not genuinely dispute any of the specific actions Pasadena ISD took, as

9

reflected in the record. The assertions are not adequate to overcome summary judgment. *See, e.g., Kariuki v. Tarango*, 709 F.3d 495, 505 (5th Cir. 2013) ("[A] vague or conclusory affidavit is insufficient to create a genuine issue of material fact in the face of conflicting probative evidence.").

### IV.    Hoop's Claims Against Sovonya Williby

Hoop's Second Amended Complaint also asserts a claim for negligent supervision against M.P.'s parent, Sovonya Williby. Dkt. 20 at 12. Hoop has not filed proof of service of his complaint on Williby or otherwise furthered his claims against her. Accordingly, his claims against Williby are **DISMISSED WITHOUT PREJUDICE** for want of prosecution. *See* Fed. R. Civ. P. 41(b).

### V.    Conclusion

Defendant Pasadena Independent School District's Motion for Summary Judgment (Dkt. 43) is **GRANTED**. Plaintiff James Hoop's claims against Pasadena ISD, raised as next friend and father of M.H., a minor child, are **DISMISSED WITH PREJUDICE**. Hoop's claims against Sovonya Williby, raised as next friend and father of M.H., a minor child, are **DISMISSED**. Defendant Pasadena ISD's Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment (Dkt. 46) is **DENIED**.

The Court will separately enter final judgment.

SIGNED at Houston, Texas, this 12th day of June, 2020.

10

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

11